FILED
SUPERIOR COURT
OF GUAM

2019 MAY -9 AM 11: 11

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| IN THE MATTER OF THE GUARDIANSHIP, | **Superior Court Case No. <u>SP0121-11</u>** |
| OF | **DECISION AND ORDER** |
| CAROLINE M.H. KAECHELE, | **RE** |
| | **PETITION** |
| A disabled adult. | |

This matter came before the Honorable Elyze M. Iriarte on Petitioner Tania Kaechele's various Petitions concerning Caroline Kaechele's treatment and medical coverage at Pasadena Villa, filed in February, March, and April of 2019. The Court heard arguments on April 3, 2019, which Tania was unable to attend. Having considered the parties' arguments and applicable law, the Court hereby DENIES Tania's various Petitions.

In her February 5, 2019 filing, Adult Child Caroline Kaechele Denied Standard of Care at Pasadena Villa, Tania expresses that Caroline is not receiving adequate care, referral services, or full medical coverage as part of her treatment plan at Pasadena Villa. Tania also seeks access to her records as well as input in Caroline's treatment plan. The Public Guardian requests the Court take judicial notice of the circumstances underlying Tania's removal as Caroline's Guardian in 2012 and claims Tania is violating an October 28, 2013 Order by frivolously filing petitions concerning her daughter's treatment plan. Resp. Order (Mar. 20, 2019).

The October 28, 2013 Order states that Tania "shall refrain from any course of conduct

## ORIGINAL

that seriously annoys, alarms, harasses, or is detrimental and serves no legitimate or lawful purpose in relation to the treatment and care of Caroline, as well as to the treatment team." Order After Hr'g (Oct. 28, 2013). Though Tania has filed numerous petitions, the Court does not find that they reach a level of harassment or illegitimacy. Tania is acting as a concerned parent and has a legitimate purpose in confirming that Caroline has the best medical care and treatment available. However, the Court will revisit the issue if Tania files petitions in the future that serve no justifiable purpose.

The Public Guardian also requests that an incoming report on Caroline's progress from Pasadena Villa be sealed from Tania because of Tania's propensity to meddle with and harass Caroline's treatment team. Resp. Order. Despite this request, the Public Guardian contends the case was already sealed in January or February of 2013. Resp. to Order; Minute Entry (Apr. 9, 2019). However, the Court has no record of a sealing order.

In Guam, a presumption of openness applies to adult guardianship records. *In re Moylan*, 2011 Guam 16 ¶ 52. A party must show a compelling reason to seal adult guardianship records: otherwise, the public's interest in protecting an individual from abuse and mistreatment by court-appointed fiduciaries generally outweighs a ward's privacy interest. *Id.* The October 28, 2013 Order restricts Tania's access to information by stating that she must "respect and maintain Caroline's right to privacy regarding her medical and psychiatric treatment and care which shall include, but is not limited to, not having access to information about Caroline's medication." However, this is not a sealing order explaining why sealing the case or certain documents is necessary. Without such an order, the Court will not seal the incoming progress report from Tania.

The Court recognizes that the October 28, 2013 Order prohibits Tania from having access

ORIGINAL

to Caroline's medical information or having input in Caroline's treatment plan. Accordingly, Tania's request for a role in Caroline's treatment plan is DENIED. To the extent that Tania is seeking medical information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), these records may continue to be submitted under seal. *See* 45 C.F.R. §§ 160, 164. Otherwise, Tania can have access to any filed court documents.

Based on the aforementioned reasons, the Court ORDERS the case be unsealed, except as to protected medical information, and DENIES Tania's various petitions.

SO ORDERED this 9th day of May 2019.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

OPG , AG Family Division

Date: 5/9/19 Time: 12:35pm

Antonio J Cruz

Deputy Clerk, Superior Court of Guam

RECEIVED FOR SERVICE:
TIME: 12:30pm
DATE: 09 MAY 2019
INITIAL:
MARSHAL, SCOG

Appearing Parties:
Tania Kaechele appearing *pro se*
Public Guardian Marcelene C. Santos for the Office of the Public Guardian

ORIGINAL